UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAN DALY,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, and DOES 1-10, INCLUSIVE,<br><br>               Defendants. | Case No.: 10-CV-03032-LHK<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE |

Plaintiff Sean Daly originally filed his complaint in the Superior Court of California on June 1, 2010. Dkt. No. 2, Ex. A ("Compl."). On July 9, 2010, Defendant United Healthcare Insurance Company removed the case to federal court based on diversity jurisdiction. Dkt. No. 1. Soon thereafter, Defendant filed its motions to dismiss Plaintiff's first and second causes of action, Dkt. No. 17 ("Mot. to Dismiss"), and to strike portions of Plaintiff's complaint, Dkt. No. 16 ("Mot. to Strike"). Plaintiff opposes both motions. Dkt. Nos. 20 ("Opp'n to Strike"), 21 ("Opp'n to Dismiss"). For the reasons set forth below, Defendant's motion to dismiss is DENIED, and its motion to strike[1] is GRANTED in part and DENIED in part.

///

---

[1] As the Court will explain below, the Court will consider part of Defendant's motion to strike as a motion to dismiss.

1

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

# I. BACKGROUND

Plaintiff alleges the following in his complaint. Sometime around November of 2007, Plaintiff entered into a written Independent Career Agent Agreement ("the Agreement") with Defendant. Compl. ¶ 7. By signing the Agreement, Plaintiff consented "to market and sell products within Defendant's Medicare Solutions Portfolio," including various Medicare and prescription drug plans. *Id.* In exchange, the Agreement entitled Plaintiff to receive renewal commissions from membership enrollment submitted by Plaintiff to Defendant. *Id.* ¶ 9. In the event that Defendant terminated the Agreement without cause, the Agreement entitled Plaintiff to continue to receive renewal commissions for a period of five years. *Id.* ¶ 10. If Defendant terminated the Agreement "for cause," however, the Agreement provided that Defendant did not have any obligation to pay renewal commissions after the date of termination. *Id.*

From November 2007 to February 2009, Plaintiff marketed and sold Defendant's products. *Id.* ¶ 8. During that time, Plaintiff increased new membership and earned the distinction of being the top producer in the region. *Id.* ¶ 11. As 2009 began, Plaintiff was in a position to begin receiving renewal commissions on his 2008 sales. *Id.* Defendant, however, terminated the Agreement in a "Notice of Termination" on or around February 11, 2009. *Id.* ¶ 12. Initially, Defendant characterized the termination as "for cause." *Id.* Based on the results of an investigation, which Plaintiff never saw and claims was a "kangaroo court," Defendant contended that Plaintiff had improperly solicited and collected enrollment applications prior to the beginning of the annual elections period (November 15, 2008) and had instructed members to leave the date on the application blank so that Plaintiff could fill it in later. *Id.* According to Plaintiff, Defendant had not advised him that solicitations prior to the annual election period were prohibited. *Id.* Even so, Plaintiff claims that when he became aware of the issue, he remedied it promptly. *Id.* Plaintiff also maintains that the allegation that he instructed members to refrain from filling out the date on applications is untrue. *Id.*

The February 11, 2009 Notice of Termination also advised Plaintiff that he could apply for reconsideration through a hearing process. *Id.* ¶ 13. After applying, Plaintiff received a letter

2

dated March 25, 2009 informing him that his request for reinstatement was denied. *Id.* Nevertheless, Plaintiff's former supervisor assured him that "fresh eyes" were going to look at the issue of reinstatement and that he should not give up hope. *Id.* As a result of this conversation, and because the termination letter did not mention terminating him "for cause" and because he was receiving renewal commissions, Plaintiff did not "press the issue of reinstatement as hard as he could have." *Id.*

On April 20, 2010, Plaintiff received an e-mail from Defendant's Vice President of Agent Services informing him that Defendant would not make any further renewal commission payments to Plaintiff. *Id.* ¶ 14. According to Plaintiff, this constituted a breach of the Agreement. *Id.* Defendant justified this action based on its claim that it had terminated the Agreement for cause. *Id.* ¶ 15. Plaintiff, however, alleges that Defendant failed to conduct "any form of good faith investigation" in connection with its allegations, *id.* ¶ 16, and claims that any such investigation would have shown that Defendant's allegations were without merit, *id.* Furthermore, Plaintiff believes that Defendant's termination of its Agreement with him conforms to Defendant's pattern of terminating its agreements with its agents "for cause" in order to avoid paying renewal commissions. *Id.* ¶ 17.

As a result of Defendant's wrongful acts, Plaintiff claims that he has not received full payment on renewal commissions owed him. *Id.* ¶ 18. He is suing Defendant for breach of the Agreement ("Claim 1"), breach of the implied covenant of good faith and fair dealing ("Claim 2"), and for violation of CAL. BUS. & PROF. CODE § 17200, *et seq* ("Claim 3"). *Id.* ¶¶ 20-28. Plaintiff seeks compensatory damages, punitive damages, actual damages, attorneys fees, prejudgment interest, disgorged profits, equitable relief, and costs of suit. *Id.* at 6.

Defendant now seeks to dismiss, under FED R. CIV. P. 12(b)(6), Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Mot. to Dismiss 3. In addition, Defendant moves this Court, under FED. R. CIV. P. 12(f), to strike Plaintiff's claims for punitive damages, attorneys fees, and other and further relief as this Court may deem just and proper. Mot. to Strike 1.

3

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

## II. ANALYSIS

### A. Motion to Dismiss

A federal court sitting in diversity applies federal procedural law and state substantive law. *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). Under FED. R. CIV. P. 8(a)(2), a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts may, however, properly dismiss pleadings "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), courts must "accept as true the facts alleged in the complaint," *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1171 (9th Cir. 1999), and "must draw inferences in the light most favorable to the plaintiff," *Barker v. Riverside County Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009) (citation omitted). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

Defendant argues that Plaintiff's claims for breach of contract and for breach of the covenant of good faith and fair dealing fail to meet this standard.

#### 1. Breach of Contract

Because Defendant withdrew its motion to dismiss Plaintiff's contract claim in its reply brief, Dkt. No. 26 ("Mot. to Dismiss Reply Br."), the Court need not consider Defendant's original arguments. Even if Defendant had not withdrawn its motion, however, the Court would have denied it. Defendant argued that Plaintiff's breach of contract claim should be dismissed because Plaintiff fails to make any direct reference to express terms or conditions of the Agreement or to attach a copy of the Agreement to his complaint. Mot. to Dismiss 6. Federal procedural law does not, however, require plaintiffs to attach a copy of the contract to a complaint alleging breach of that contract or to recite the contract terms verbatim. *See Securimetrics, Inc. v. Hartford Cas. Ins.*

4

*Co.*, 2005 WL 1712008, *2 (N.D. Cal. July 21, 2005) ("Federal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint."). The fact that Plaintiff originally filed in state court does not change the analysis. *See Pitt Helicopters, Inc. v. AIG Aviation, Inc.*, 2007 WL 707528, *2 (E.D. Cal. Mar. 6, 2007).

### 2. Breach of the Covenant of Good Faith and Fair Dealing

Defendant argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is superfluous and is not a separate form of relief from Plaintiff's breach of contract claim. Mot. to Dismiss 6-8; Mot. to Dismiss Reply Br. 3. Plaintiff argues in response that the breach of the implied covenant of good faith and fair dealing "involves something more than breach of an express contractual duty." P.'s Opp'n 10. According to Plaintiff, Defendant breached the contract by refusing to pay him his renewal commissions. *Id.* at 11. In contrast, Plaintiff argues that Defendant breached the implied covenant of good faith and fair dealing when it terminated him for cause as part of a pattern of terminating agents in order to avoid paying renewal commissions. *Id.*

Every contract contains an implied-in-law covenant of good faith and fair dealing. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-84, 254 Cal. Rptr. 211, 765 P.2d 373 (1988). "Simply stated, the burden imposed is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. Or, to put it another way, the implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (1990) (citations, quotations, and alterations omitted). "The precise nature and extent of the duty imposed will depend on the contractual purposes." *Id.* (citation, quotation marks, and alterations omitted). In addition, actions for breach of the implied covenant are generally limited to contract damages. *Foley*, 47 Cal. 3d at 683-84, 254 Cal. Rptr. 211, 765 P.2d 373 (holding that compensation for breach of the covenant of good faith and fair dealing, in all contexts outside of insurance contracts, "has almost always been limited to contract rather than tort remedies").

5

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

Based on this legal framework and the facts alleged in his complaint, Plaintiff has stated a plausible claim for breach of the implied covenant of good faith and fair dealing. Plaintiff has alleged that he had a written contract with Defendant. Therefore, Defendant had a duty to execute the contract's purposes in good faith. The exact nature and scope of this duty is a factual inquiry and is based on the purposes of the Agreement, the express terms of the Agreement, and the reasonable expectations of both parties. Even though the facts may eventually show that Defendant did not violate the implied covenant of good faith and fair dealing, Plaintiff's complaint contains sufficient facts to sustain such a claim at this stage of the litigation. Furthermore, Plaintiff stated at the hearing that he is bringing his implied covenant of good faith and fair dealing claim in contract, not in tort.

Despite this finding, Defendant's argument that such a claim is, nonetheless, superfluous deserves further consideration. In support of its argument, Defendant relies principally on the California Supreme Court's decision in *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 100 Cal. Rptr. 2d 352, 8 P.3d 1089 (2000). In *Guz*, the court held that discharging an at-will employee without cause cannot constitute a breach of the implied covenant of good faith and fair dealing. In so holding, the court stated that "where breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous. On the other hand, where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid." *Guz*, 24 Cal. 4th at 327, 100 Cal. Rptr. 2d 352, 8 P.3d 1089. At least one California state court found the court's holding in *Guz* to preclude any possibility of considering the two claims as separate and distinct. *See Smith v. Int'l Bhd. of Elec. Workers*, 109 Cal. App. 4th 1637, 1645 n.3, 1 Cal. Rptr. 3d 374, 378 (2003) ("A breach of the covenant of good faith and fair dealing does not give rise to a cause of action separate from a cause of action for breach of the contract containing the covenant.") (citing *Guz*, 24 Cal. 4th at 327, 100 Cal. Rptr. 2d 352, 8 P.3d 1089).

Because Plaintiff has alleged a breach of contract claim, Defendant's interpretation of *Guz* would render Plaintiff's claim for breach of the implied covenant superfluous. The court's holding in *Guz* is better understood, however, to render some, but not all, claims for breach of the implied

6

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

covenant of good faith and fair dealing superfluous. First, the plain language of the court's holding in *Guz* leaves open the possibility that a claim for breach of the implied covenant can survive while a plaintiff makes a claim for breach of contract. According to the *Guz* court, "where breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous." 24 Cal. 4th at 327, 100 Cal. Rptr. 2d 352, 8 P.3d 1089. This language only precludes implied covenant claims "based on the same breach" as the contract claim. The law is clear that "[a] breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Careau*, 222 Cal. App. 3d at 1394 (quoting *Congleton v. Nat'l Union Fire Ins. Co.*, 189 Cal. App. 3d 51, 59, 234 Cal. Rptr. 218 (1987)) (quotation marks omitted). Thus, it is quite possible for a breach of the implied covenant to be based on a different breach than the contract claim. This is consistent with the California Supreme Court's statement in *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.* that "breach of a specific provision of the contract is not a necessary prerequisite" to a claim for breach of the implied covenant of good faith and fair dealing. 2 Cal. 4th 342, 373, 6 Cal. Rptr. 2d 467 (1992) (citations and footnotes omitted). If a party can breach the covenant without breaching an express provision of the contract, a plaintiff can presumably claim a breach of the covenant that is based on a different breach than a concurrently alleged contract claim.

The court's other statement in *Guz*, that "where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid," *Guz*, 24 Cal. 4th at 327, 100 Cal. Rptr. 2d 352, 8 P.3d 1089, is properly understood as another way of phrasing the "well established [principle] that an implied covenant cannot create an obligation inconsistent with an express term of the agreement," *Nein v. HostPro, Inc.*, 174 Cal. App. 4th 833, 852, 95 Cal. Rptr. 3d 34 (2009) (citing *Exxon Corp. v. Superior Court*, 51 Cal. App. 4th 1672, 1688, 60 Cal. Rptr. 2d 195 (1997)). If the language were read to mean that the implied covenant only enforces the express terms of the contract, then the entire concept of an implied covenant would be superfluous. "Were it otherwise, the covenant would have no practical meaning, for any breach thereof would necessarily involve

7

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

breach of some other term of the contract."  *Carma Developers*, 2 Cal. 4th at 373, 6 Cal. Rptr. 2d 467 (citations and footnotes omitted).

Secondly, as Plaintiff points out, P.'s Opp'n 9-10, the court in *Guz* also stated in dicta that breach of the implied covenant of good faith and fair dealing may, in some circumstances, create a distinct cause of action.

> We do not suggest the covenant of good faith and fair dealing has no function whatever in the interpretation and enforcement of employment contracts. As indicated above, the covenant prevents a party from acting in bad faith to frustrate the contract's *actual* benefits. Thus, for example, the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned. We confront no such claim here.

*Guz*, 24 Cal. 4th 317, 353 n.18, 100 Cal. Rptr. 2d 352, 8 P.3d 1089.  Several federal district courts have recognized that this footnote creates an exception to the court's general rule against allowing breach of the implied covenant of good faith and fair dealing to stand as a separate claim.  *See e.g.*, *Roberson v. Quest Diagnostics, Inc.*, 2009 WL 4715859, *6 (E.D. Cal. Dec. 2, 2009) (recognizing this potential exception but finding it inapplicable); *Fin. Tech. Partners L.P. v. FNX Ltd.*, 2009 WL 3809604, *2 (N.D. Cal. Nov. 13, 2009) (recognizing the *Guz* footnote but finding it inapplicable); *Lamke v. Sunstate Equip. Co., LLC*, 387 F. Supp. 2d 1044, 1048 (N.D. Cal. 2004) ("While this statement in *Guz* leaves open the possibility of a claim for breach of the covenant of good faith and fair dealing under narrow circumstances, there are no allegations in the [complaint] as it currently stands that meet this narrow exception.").

Plaintiff cites one particular decision, *Celador Intern. Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846 (C.D. Cal. 2004), that applied the exception outlined in *Guz* to deny a motion to dismiss a claim for breach of the implied covenant of good faith and fair dealing.  There, the defendant similarly argued that because the plaintiffs' claim for breach of the implied covenant was based on the same facts as the breach of contract claim, it was superfluous.  The court held that it could not mechanically accept this argument.  Rather, it had to determine whether the two claims could be distinguished.  *Id.* at 853.  In its case, the court found the claims distinguishable because even if the

8

plaintiffs failed on their breach of contract claim, the plaintiffs could prevail on their breach of the implied covenant claim. *Id.* According to the court, "the fact finder could conclude," without finding a breach of the agreement, "that the actions of Defendants frustrated a benefit of the contract." *Id.*

Here, Plaintiff's breach of contract claim is based on Defendant's refusal to pay renewal commissions. The terms of the contract, as alleged by Plaintiff, only required Defendant to pay renewal commissions to the Plaintiff if Defendant terminated Plaintiff's employment without cause. If Defendant terminated Plaintiff for cause, then the contract did not require Defendant to make renewal commission payments. Plaintiff's complaint appears to allege that Defendant, despite its contention to the contrary, terminated him without cause. Therefore, Defendant's non-payment would be a breach of the contract.

Plaintiff appears to argue, on the other hand, that his claim for breach of the implied covenant of good faith and fair dealing is based on Defendant terminating him for cause. Plaintiff admits in his pleading that he sold some products prior to the annual elections period. According to Plaintiff, Defendant claimed that this, among other reasons, was a proper basis for terminating him "for cause." Plaintiff appears to argue that this justification was a mere pretext and contends that Defendant terminated him in order to avoid paying Plaintiff's renewal commissions. *See McCollum v. XCare.net, Inc.*, 212 F. Supp. 2d 1142, 1152-53 (N.D. Cal. 2002) ("[T]he covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled.") (citing *Guz*, 24 Cal. 4th at 353 n.18, 100 Cal. Rptr. 2d 352, 8 P.3d 1089) (alterations and quotation marks omitted). Furthermore, Plaintiff alleges that Defendant terminated him without a good faith investigation into his compliance with the Agreement. This is clearly a different, albeit somewhat inconsistent, breach than the breach of contract claim. Thus, even if Plaintiff fails to prove that the Agreement did not justify Defendant in terminating Plaintiff "for cause," Plaintiff could still recover on his breach of the implied covenant of good faith claim.

9

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

It is not clear, however, that this theory is consistent with the terms of the Agreement. The implied covenant of good faith and fair dealing cannot prohibit a party from doing that which it is expressly permitted by an agreement to do. *See Carma Developers*, 2 Cal. 4th at 374 (citing *Tanner v. Title Ins. & Trust Co.*, 20 Cal. 2d 814, 824, 129 P.2d 383 (1942)). Based on the facts alleged in Plaintiff's complaint, it is possible that Defendant had an absolute contractual right to terminate Plaintiff "for cause" and thereby deny him any renewal commissions. As such, Plaintiff's theory of the implied covenant may fail.

Nevertheless, the facts in Plaintiff's complaint need only be "plausibly suggestive of a claim entitling [him] to relief." Plaintiff alleges that Defendant has improperly terminated many agents "for cause" in order to deny them renewal commission payments. Moreover, he claims that Defendant completely failed to properly investigate its allegations against him. Given these claims, it is plausible that Defendant's right to terminate agents "for cause" was partially discretionary and that Defendant exercised that discretion in bad faith when it terminated agents "for cause" rather than "without cause." *See Careau*, 222 Cal. App. 3d at 1393 n.16 ("Where a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing.") (quoting *Kendall v. Ernest Pestana, Inc.*, 40 Cal. 3d 488, 500, 220 Cal. Rptr. 818, 709 P.2d 837 (1985)) (quotation marks omitted). This would also be consistent with a theory that Defendant exercised its discretion under the Agreement in bad faith in order to deny agents of their renewal commissions.

Because it is plausible that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is distinguishable from his breach of contract claim and consistent with the terms of the Agreement, Plaintiff's claim is not superfluous. Therefore, Defendant's motion to dismiss this claim is denied.

### B. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Motions to strike are generally

10

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

disfavored." *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004) (citing *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

### 1. Punitive Damages

Plaintiff does not oppose the motion to strike its prayer for punitive damages and stipulates to its removal, without prejudice. Def.'s Opp'n 1-2. In its reply brief, Defendant does not push for the removal of Plaintiff's claim for punitive damages with prejudice. Therefore, Plaintiff's prayer for punitive damages is stricken without prejudice.

### 2. Attorneys Fees

Defendant argues that California law requires express statutory or contractual authority to recover attorneys' fees. Def.'s Mot. to Dismiss 7-8. According to Defendant, because Plaintiff has failed to identify a statutory basis for attorneys' fees, its request for them should be stricken. Def.'s Mot. to Dismiss 7-8. Plaintiff argues that a request for attorneys' fees is not the proper target of a Rule 12(f) motion and that California law does not require plaintiffs to plead entitlement to attorneys' fees in order to recover them. *See* P.'s Opp'n 3.

Plaintiff's argument that a request for attorneys' fees is not the proper target of a Rule 12(f) motion finds strong support in the Ninth Circuit's holding in *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).[2] In *Whittlestone*, the court held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." 618 F.3d at 975-76. Rather, a FED. R. CIV. P. 12(b)(6) motion is the proper method for dismissing a claim for damages from the pleading. *Id.*

At least one district court in the Ninth Circuit, prior to the *Whittlestone* decision, exercised its own discretion to convert the defendant's motion to strike under Rule 12(f) into a motion to dismiss under Rule 12(b)(6). *See Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002,

---

[2] Although the Ninth Circuit issued its decision before Plaintiff filed its opposition brief and Defendant filed its reply brief, neither party cited this decision.

11
Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

1020-21 (N.D. Cal. 2009).  At the hearing on this matter, Defendant did not object to this Court considering Defendant's Rule 12(f) motion to strike attorneys' fees as a Rule 12(b)(6) motion to dismiss.  Accordingly, this Court will consider whether Plaintiff's prayer for attorneys' fees can survive a motion to dismiss.

"California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." *Trope v. Katz*, 11 Cal. 4th 274, 278, 45 Cal. Rptr. 2d 241, 244, 902 P.2d 259, 262 (1995) (citations omitted).  According to the court in *Trope*, this general rule is subject to a limited number of exceptions.  *Id.* at 263.  When the complaint does not provide a basis for attorneys' fees that fits into these exceptions, the district court can dismiss the plaintiff's claim for them.  *See Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.*, 2010 WL 3619476, *16 (E.D. Cal. Sept. 13, 2010) (dismissing with prejudice the plaintiff's claim to attorneys' fees where it failed to provide any statutory or contractual justification).

At oral argument, Plaintiff admitted that he has no basis for attorneys' fees at this time.  Plaintiff, nevertheless, argues that because "[i]t is well-established that plaintiffs are not required to plead entitlement to attorneys' fees as an item of damages in order to recover them in California," the Court should not dismiss Plaintiff's claim to them.  Opp'n to Dismiss 3.  This argument, however, misses the point.  Defendant has not attacked Plaintiff's right to ever collect attorneys' fees.  Rather, Defendant argues that Plaintiff's complaint does not state a plausible claim for attorneys' fees at this time.  Because Plaintiff has not pled any facts suggesting that he has a right to attorneys' fees, his claim for attorneys' fees is dismissed.  Nevertheless, because it is possible that Plaintiff could plead facts supporting a claim for attorneys' fees in the future, the dismissal is without prejudice.

### 3. For such other and further relief as this Court may deem just and appropriate

Although Defendant requests at the beginning of its motion that the Court strike Plaintiff's prayer "[f]or such other and further relief as this Court may deem just and appropriate," it never provides any justification for the removal of this language.  Furthermore, the request is absent from

12

Case No.: 10-CV-03032-LHK
ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

the motion's conclusion, Mot. to Strike 8, and Defendant's reply brief, Mot. to Strike Reply Br. Given that it is inappropriate under *Whittlestone* for this Court to strike claims for damages under Rule 12(f) and that Defendant has failed to provide any argument as to why this prayer should be dismissed, Defendant's motion to strike Plaintiff's prayer "[f]or such other and further relief as this Court may deem just and appropriate" is denied.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing is DENIED. Defendant's motion to strike Plaintiff's claim for punitive damages is GRANTED without prejudice. Defendant's motion to strike Plaintiff's claim for attorneys' fees, considered by this Court as a motion to dismiss, is also GRANTED without prejudice. Defendant's motion to strike Plaintiff's claim "[f]or such other and further relief as this Court may deem just and appropriate" is DENIED.

**IT IS SO ORDERED.**

Dated: November 1, 2010

_____
LUCY H. KOH
United States District Judge